IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISON

SHABAKA FLETCHER, individually and as a surviving child of CHARLES FLETCHER, JR., deceased, and on behalf of all wrongful death beneficiaries of CHARLES FLETCHER, JR.,

    Plaintiff,

v.

VERIDA, INC. and JOHNSON'S MEDICAL TRANSPORT, LLC,

    Defendants.

Civil Action File No.: 1:24-cv-04234-JPB

## CONSOLIDATED DISCOVERY STATEMENT

Pursuant to Fed. R. Civ. P. 37(a)(1); Local Rule 37.1A, NDGa.; and Standing Order Regarding Civil Litigation for Cases Proceeding Before the Honorable J.P. Boulee III(j)(vii), the Parties submit the following Consolidated Discovery Statement, respectfully showing the Court as follows[1]:

### I.  STATEMENT OF PLAINTIFF.

**a.  Verida Reports to DCH -** On April 9, 2025, Verida's counsel stipulated on the record that Verida would produce the reports listed in Appendix Q to the Georgia Department of Community Health ("DCH") Policies and Procedures

---

[1] The undersigned seek leave of this Court for consideration of the issues contained herein notwithstanding the submission of this Statement after the 12:00 p.m. deadline imposed by this Court's June 24, 2025 Order.

24586660.1

for Non-Emergency Medical Transportation. Despite this stipulation, Verida has declined to produce reports related to complaint and incidents beyond those involving Johnson's Medical Transport, LLC, ("JMT") as well as financial reports.

b. **Defendants' Responses to Plaintiff's RFPs -** Plaintiff's Second and Third Requests for Production of Documents to Verida, served May 6 and 23, 2025, respectively, and Second Requests to JMT, served May 23, 2023, sought documents specifically referenced in both Verida and JMT's Rule 30(b)(6) depositions and prior productions. Defendants objected broadly, claiming lack of relevance, overbreadth, and undue burden in the production of documents such as their own policies and procedures, driver files, JMT's performance, Verida's trip-tracking capabilities and reporting to DCH, payments and liquidated damages assessed to JMT, Verida's handling of complaints related to urgent care trips, and communications between each other.

c. **Documents relating to Defendants' financial information. -** JMT and Verida have each objected to the production of financial information, claiming financial discovery is improper. However, courts have recognized that a defendant's financial condition is discoverable where punitive damages are plausibly at issue. Here, punitive damages have been sought and are based on evidence reflecting a wanton disregard by both Verida and JMT of the obligations they undertook relative to the provision of NEMT services in the State of Georgia.  Specifically,  Plaintiff

seeks information which will corroborate the evidence already in its possession showing Verida did not assess liquidated damages for JMT's performance failures; demonstrating Verida's failure to utilize the primary mechanism at its disposal to compel compliance with its own performance standards, evidence which goes directly to Plaintiff's forthcoming additional claims for negligent hiring, training, supervision, and retention.

## II.   STATEMENT OF DEFENDANT VERIDA, INC.

This case involves a no-show, non-emergency medical transportation. Plaintiff seeks late trip summary reports, transportation summary services monthly reports, quarterly financial reports, and complaint and incident reports that Verida has produced to DCH from 2020 to 2022, none of which have anything whatsoever to do with the no-show transportation at issue. This suit does not involve a "late trip." The transportation summary services monthly reports in no way identifies Johnson's Medical, nor do they shed any light on Johnson's Medical's relationship with Verida or Mr. Charles Fletcher's no-show trip. Plaintiff has not alleged a single claim that would justify prying into Verida's quarterly financial reports or profitability. And the complaint and incident reports Plaintiff requested extend well beyond Mr. Fletcher and Johnson's Medical which, for a company like Verida that brokers nearly 7,000 trips per day for Medicaid members, would be unduly burdensome when balanced against the relevant facts of this suit. Verida's

"stipulation" to producing these documents was mid-deposition and pre-review or investigation of said documents.

Further, Verida produced information responsive to those requests and two Rule 30 witnesses that testified to its general profitability and operations. Verida also produced all complaints made against Johnson's Medical and related communications.

Plaintiff also requests investigation materials related to "urgent care trips" that Verida has brokered and additional Verida policies and procedures. Months ago, Verida produced a table of contents of its internal policies and procedures and allowed Plaintiff to choose those she deemed relevant, which she did and Verida produced. Moreover, every Verida witness has concluded that Verida's urgent care trip policy (which Verida produced) did not apply to Mr. Fletcher's no-show transport. But even if Mr. Fletcher's trip were an urgent care trip, Plaintiff should not be entitled to discover every investigation related to an urgent care trip that did not involve Mr. Fletcher.

Last, Plaintiff asserted the "Morris Privilege" in addition to other attorney-related privileges over Verida and DCH documents she obtained from DCH in response to an open records request. However, Plaintiff cherry-picked and ambushed Verida with those documents in depositions which waived any privilege and violated supplementation under Rule 26(e). Verida respectfully requests that

4

this Court order Plaintiff to produce the full slate of documents she received from the open records request.

### III. STATEMENT OF DEFENDANT JOHNSON'S MEDICAL TRANSPORT, LLC.

Defendant Johnson's Medical Transport, LLC ("JMT") objects to Plaintiff's request for production of JMT's financial information, including bank statements, income, and profit data or liquidated damages charges by Verida. JMT requests that the Court deny Plaintiff's request for such information on the grounds that JMT's financial information is private and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff's primary argument for the rare exception allowing discovery of a party's financial status is a "plausible punitive damages" case. However, Plaintiff makes no claim for punitive damages in their Complaint. O.C.G.A. § 51-12-5.1(b). "An award of punitive damages must be specifically prayed for in the Complaint". O.C.G.A. § 51-12-5.1(d)(1). Plaintiff alleges no facts in her Complaint that would meet the statutory burden of showing by "clear and convincing evidence" that she has a valid punitive damages claim against JMT. Punitive damages "may be awarded only in such tort actions in which it proven by clear and convincing evidence that the Defendant's actions showed willful misconduct, malice…". *Id.* Not only has Plaintiff not specifically prayed for punitive damages in her Complaint, nothing in this case demonstrates willful and wanton conduct by JMT. JMT opposes

any motion by Plaintiff to amend her Complaint to assert punitive damages. Such a motion would be untimely and such amendment futile. Plaintiff also claims JMT's financials are discoverable because "Plaintiff seeks punitive damages based on wanton disregard by Defendant JMT in *failing to meet contractual obligations*". It is well settled that punitive damages are not available in breach of contract claims. *Whitaker v. Houston County Hosp. Authority*, 272 Ga. App. 870, 874 (2005). Furthermore, there was no contractual relationship between Plaintiff's decedent and JMT. Punitive damages are allowed only in certain tort actions. O.C.G.A. § 51-12-5.1(b). "Punitive damages may be awarded *only in such tort actions…*" Generally, discovery of a party's financial condition is not discoverable based upon "The Plaintiff's mere allegation that he is liable for punitive damages but has instead required the Plaintiff to make a prima facie showing of facts giving rise to such liability." *Holman v. Burgess*, 199 Ga. App. 61, 63 (1991). (Noting that many jurisdictions will not allow discovery of financial information absent a factual showing of punitive conduct.)  *See also, E.H. Siler Realty v. Sanderlin*, 158 Ga. App. 796, 797-98 (1981). Therefore, the Court should not allow this intrusiveness into Defendant Johnson's Medical's financials.

The Parties certify they conferred regarding these disputes in person and via telephone on multiple different occasions throughout the month of June 2025.

Respectfully submitted this 30th day of June, 2025.

                                                                /s/     Tyler J. Pritchard
                                                                 Tyler J. Pritchard
                                                                 Georgia Bar No. 546560
                                                                 Nathan C. Vanderveer
                                                                 Georgia Bar No. 650910
                                                                 R. Rhett Owens
                                                                 Admitted *pro hac vice*
                                                                 *Attorneys for Plaintiff*

**Of Counsel:**
BODEWELL, LLC
123 12th Street
Columbus, GA 31902
Telephone: (706) 550-9000
Email:      tyler@bodewell-law.com
               nate@bodewell-law.com
               rhett@bodewell-law.com

                                                                 /s/ Brian R. Neary
                                                                Brian R. Neary
                                                                Georgia Bar No. 536175
                                                                Melissa C. McMullen
                                                                Georgia Bar No. 187560
                                                                *Attorneys for Johnson's Medical Transport, LLC.*

**Of Counsel:**
WEBB NEARY DIKEMAN LLP
3490 Piedmont Road NE Suite 1210
Atlanta, Georgia 30305
Telephone: (404) 408-7513

                                                                 /s/ Irving W. Jones, Jr.
                                                                Irving W. Jones, Jr.
                                                                Georgia Bar No. 386218
                                                                Jena C. Lombard
                                                                Georgia Bar No. 213734
                                                                *Attorneys for Verida, Inc.*

**Of Counsel:**
BALCH & BINGHAM LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, AL 35203-4642
Telephone: (205) 251-8100

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following, this 30th day of June, 2025.

Irving W. Jones, Jr.
BALCH & BINGHAM LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, AL 35203-4642
Telephone: (205) 251-8100

Brian R. Neary
WEBB NEARY DIKEMAN LLP
3490 Piedmont Road NE Suite 1210
Atlanta, Georgia 30305
Telephone: (404) 408-7513

                                                            */s/  Tyler J. Pritchard*
                                                            Counsel for the Plaintiff